1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11
12
13

| | |
|---|---|
| AMANDA C. GOMEZ, | Case No.  1:16-cv-00208-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |
| | **(Doc. 2)** |
| LOS ANGELES DEP'T OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, SACRAMENTO | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH 30 DAYS LEAVE TO AMEND** |
| Defendants. | |
| _____/ | |

14
15
16
17
18
19
20
21
22
23

## I.    INTRODUCTION

On February 16, 2016, Plaintiff, proceeding pro se, filed a complaint against the Los Angeles Department of Justice and the Federal Bureau of Investigation, Sacramento  (collectively "Defendants").  (Doc. 1).  Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP").  For the reasons set forth below, Plaintiff's motion to proceed IFP is GRANTED, and Plaintiff's complaint is dismissed without prejudice and with 30 days leave to amend.

24
25
26
27
28

## II.   FACTUAL ALLEGATIONS

While unclear, it appears Plaintiff reported to Defendants that her husband was "gang stalking" her, but defendants responded that this was hard to prove.  Plaintiff believed her phone "line was crossed or as the police department stated it could be a cloned phone line [and she] needed to change the # or contact a higher agency after being hurt by a guy[']s girlfriend."  (Doc. 1, p. 6.)  That is the extent of Plaintiff's allegations.

## III.   DISCUSSION

### A.   Plaintiff's Motion to Proceed In Forma Pauperis is GRANTED

Along with her complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee.  Plaintiff's motion demonstrates entitlement to proceed without prepayment of fees and is therefore GRANTED.  (Doc. 2.)

### B.   Plaintiff's Complaint is Dismissed Without Prejudice

#### 1.   Screening Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at

557).  "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . .

'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Allegations of a pro se

complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972).

### 2.   Plaintiff Fails to State a Cognizable Claim

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

state a claim upon which relief can be granted.  Plaintiff will be granted leave to amend her claims

to the extent she can do so in good faith.  To assist Plaintiff, the Court provides the relevant

pleading standards below.

### a.   Federal Rules of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed

factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are

accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556-57.

Plaintiff's complaint lacks important factual details regarding what happened and who was

involved.  Absent this basic factual information, the Court cannot determine whether Plaintiff

states a cognizable claim.  Plaintiff's complaint also fails to provide any information regarding the

nature of her claims or the underlying causes of action.  In other words, the Court cannot ascertain

what legal claims Plaintiff is attempting to assert against which defendants or even how the

defendants are involved in this action.

1

**b.      Claims Under 42 U.S.C. § 1983**

2

While it is unclear the basis of Plaintiff's complaint, to the extent she is attempting to set

3

forth a civil rights claim, the Civil Rights Act provides as follows:

4
5
6

> Every person who, under color of [state law] . . . subjects, or causes to be subjected,
> any citizen of the United States . . . to the deprivation of any rights, privileges, or
> immunities secured by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

7

42 U.S.C. § 1983.  The statue plainly requires there be an actual nexus or link between the actions

8

of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v.*

9

*Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

10
11
12

> A person 'subjects' another to the deprivation of a constitutional right, within the
> meaning of section 1983, if he does an affirmative act, participates in another's
> affirmative acts, or omits to perform an act which he is legally required to do that
> causes the deprivation of which complaint is made.

13

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

14

Plaintiff fails to specifically link any defendant in this action to her claims.  If Plaintiff

15

elects to amend her complaint, she must allege what each defendant did or did not do that resulted

16

in the violation of her constitutional rights.

17

**c.      Federal Agencies Are Not Amenable To Suit**

18

"The United States, including its agencies and employees, can be sued only to the extent

19

that it has expressly waived its sovereign immunity." *Kaiser v. Blue Cross of Cal*., 347 F.3d 1107,

20

1117 (9th Cir. 2003) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)).  "[A]ny lawsuit

21

against an agency of the United States or against an officer of the United States in his or her

22

official capacity is considered an action against the United States." *Balser v. Dep't of Justice,*

23

*Office of the U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (citing *Sierra Club v. Whitman*, 268 F.3d

24

898, 901 (9th Cir. 2001)).  "[S]uits against officials of the United States . . . in their official

25

capacity are barred if there has been no waiver" of sovereign immunity.  *Sierra Club*, 268 F.3d at

26

901.  Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases

27

against the government.  *United States v. Mitchell*, 463 U.S. 206, 212, 580 (1983).  "A waiver of

28

the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . .

4

1   . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).   Waiver of sovereign
2   immunity is to be strictly construed in favor of the sovereign. *Id.*; *United States v. Nordic Village,*
3   *Inc.*, 503 U.S. 30, 33–34 (1992).

4          Plaintiff names the "Los Angeles Department of Justice" and the "Federal Bureau of
5   Investigation, Sacramento."  Although it is not clear whether Plaintiff is referring to the California
6   Department of Justice or the U.S. Department of Justice, federal agencies are not generally
7   amenable to suit, and the court lacks jurisdiction over suits against a federal agency absent express
8   statutory authorization. *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir.
9   1993).

10          **3.      Plaintiff May File an Amended Complaint**

11          Plaintiff's complaint fails to state a cognizable claim against Defendants.  It is not clear
12   what harm Defendants caused Plaintiff or how Plaintiff is entitled to relief under the law.  The
13   named Defendants are not generally amenable to suit, and if there is no applicable statutory basis
14   to sue these federal agencies, the Court lacks jurisdiction over the complaint.  However, "[r]ule
15   15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"
16   *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting
17   former version of Fed. R. Civ. P. 15(a)).  As Plaintiff is proceeding pro se, she shall be given an
18   opportunity to amend her claims to cure the identified deficiencies to the extent she can do so in
19   good faith.

20          Plaintiff is advised that an amended complaint supersedes the original complaint.  *See*
21   *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended
22   complaint must be "complete in itself without reference to the prior or superseded pleading."  Rule
23   220 of the Local Rules of the United States District Court, Eastern District of California.  Once
24   Plaintiff files an amended complaint, the original pleading no longer serves any function in the
25   case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
26   involvement of each defendant must be sufficiently alleged.  Plaintiff may not change the nature of
27   this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d
28   605, 607 (7th Cir. 2007).  If Plaintiff fails to file an amended complaint or fails to cure the

deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable claim;

2.    Within 30 days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3.    If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be recommended for dismissal for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated:    **March 15, 2016**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE